| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA HEALY,<br><br>                    Plaintiff,<br>   vs.<br><br>DJO, LLC, a limited liability corporation,<br><br>                    Defendant. | CASE NO. 11cv673-IEG(JMA)<br><br>Temporary Restraining Order; Order Granting Ex Parte Application to Shorten Time for Hearing on Motion to Amend Answer; Setting Hearing on Motion for Preliminary Injunction |

Plaintiff, Sara Healy, has filed this action alleging Defendant DJO, LLC ("DJO"), engaged in employment discrimination in violation of the Americans With Disabilities Act and other federal and state statutes. Presently before the Court are the following matters filed by Defendant DJO, LLC: an application for a temporary restraining order, a motion for leave to amend the answer to assert a counterclaim, and an ex parte application to shorten time for hearing on the motion to amend. For the reasons explained herein, the Court GRANTS Defendant's motions.

### *Legal Standard*

The analysis on a motion for a temporary restraining order ("TRO") is substantially identical to that on a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (2001). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is

1  in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  As long as all
2  four *Winter* factors are addressed, an injunction may issue where there are "'serious questions
3  going to the merits'" and "a balance of hardships that tips sharply towards the plaintiff." *Alliance*
4  *for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

### *Discussion*

6  In its proposed amended answer and counterclaim, Defendant DJO alleges that Plaintiff
7  has breached certain confidentiality agreements which she signed during her employment with
8  DJO.  Specifically, DJO alleges (1) Plaintiff, by and through her attorney Patrick O'Keeffe,
9  threatened to reveal DJO's confidential information to Plaintiffs in approximately 147 pending
10 products liability actions against DJO, and testify in those cases to the detriment of DJO, if DJO
11 did not enter into a settlement of this present case; and (2) Plaintiff and/or her attorney Patrick
12 O'Keeffe in fact contacted attorney John Gomez, who is co-counsel for the Plaintiffs in one
13 pending state court action against DJO, *In re: Cold Therapy Cases*, offering to disclose DJO's
14 confidential information. Defendant DJO proposes filing a counterclaim against Plaintiff alleging
15 causes of action for attempted extortion, breach of contract, and breach of the covenant of good
16 faith and fair dealing.

17 In the motion for a temporary restraining order, Defendant DJO asserts that as a result of
18 Plaintiff and/or Mr. O'Keeffe's contact with Mr. Gomez, Plaintiffs in the *In re: Cold Therapy*
19 *Cases* action are now seeking leave to depose Plaintiff Healy.  Defendant DJO's counsel in the
20 state court action has been asked to submit a brief to the discovery referee, who will hold a hearing
21 on the matter on December 9, 2011.

22 Although Defendant DJO has not yet been granted leave to file the amended answer and
23 counterclaim, the declarations attached to the motion for TRO raise the specter that Defendant
24 DJO may succeed on the merits on at least some of the claims asserted in its proposed
25 counterclaim.  Furthermore, given the state of the discovery proceedings in state court, Defendant
26 DJO is likely to suffer irreparable injury if Plaintiff and/or her attorney Mr. O'Keeffe are not
27 enjoined from transmitting DJO's confidential information to others who have actions pending
28 against DJO.  Thus, Defendant DJO has raised serious questions going to the merits of Defendant

1  DJO's claims against Plaintiff for attempted extortion and breach of contract.

2  Even more importantly, the declarations raise serious concerns regarding the conduct of
3  Plaintiff's counsel in encouraging Plaintiff to disclose information which may be subject to the
4  attorney-client privilege.  As an attorney admitted to practice before this Court, Mr. O'Keeffe is
5  required to comply with the standards of professional conduct required of the State Bar of
6  California as well as the Code of Professional Responsibility of the American Bar Association.
7  S.D. Cal. Civ. L.R. 83.3(b).  Attorneys are bound by Cal. Bus. & Prof. Code § 6435 to "maintain
8  at every peril" the attorney-client privilege.  Furthermore, attorneys are bound to "not advise the
9  violation of any law, rule, or ruling of a tribunal unless the member believes in good faith that such
10 law, rule, or ruling is invalid."  Cal. Prof. Rule 3-210.  This Court has the inherent power to
11 manage its proceedings, to control the conduct of those who appear before it, and to examine
12 charges of unethical conduct.  Erickson v. Newmar Corp., 87 F.3d 298, 303 (9th Cir. 1996).  Both
13 the balance of equities and the public interest favor protection of attorney-client privileged
14 information.

15 Based thereon, the Court GRANTS Defendant DJO's motion for a temporary restraining
16 order, until such time as the parties have an opportunity to fully brief the matter.

17 *Conclusion*

18 Because Defendant DJO has demonstrated that there are "serious questions" going to the
19 merits of its proposed counterclaim, and the balance of hardships tips sharply in its favor, and
20 because Defendant DJO is likely to be irreparably harmed if a TRO is not issued, the Court
21 **GRANTS** its Ex Parte Application for a Temporary Restraining Order.  Plaintiff Healy and her
22 agents, including her attorney Mr. Patrick O'Keeffe, are enjoined and restrained from disclosing,
23 or using in any way, confidential information or attorney-client privileged information of DJO,
24 including any information gained by Plaintiff Healy in her position as paralegal for Defendant
25 DJO.

26 The Court GRANTS Defendant DJO's motion for an order shortening time for hearing on
27 its motion for leave to file an amended answer and counterclaim.  Such motion shall be heard,
28 along with Defendant DJO's motion for preliminary injunctive relief, on *Thursday, December 1,*

*2011, at 1:30 p.m.*  Defendant DJO shall file and serve a motion for preliminary injunction by noon on Thursday, November 17, 2011.  Plaintiff's opposition to both the motion to amend and the motion for preliminary injunction shall be filed by Monday, November 28, 2011.  Defendant DJO's reply, if any, shall be filed by noon on Wednesday, November 30, 2011.

**IT IS SO ORDERED**.

**DATED:  November 16, 2011**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**