# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA HEALY,<br><br>    vs.                     Plaintiff,<br><br>DJO, LLC, a limited liability corporation,<br><br>                              Defendant. | CASE NO. 11cv673-IEG(JMA)<br><br>Order Denying Defendant DJO's Motion for Preliminary Injunction; Continuing Hearing on Motion for Leave to Amend Answer to File Counterclaim; Correcting Plaintiff's Address |

      Plaintiff, Sara Healy, has filed this action alleging Defendant DJO, LLC ("DJO"), engaged in employment discrimination in violation of the Americans With Disabilities Act and other federal and state statutes. By order filed November 16, 2011, the Court temporarily enjoined Plaintiff Healy and her agents, including her former attorney Mr. Patrick O'Keeffe, from disclosing, or using in any way, confidential information or attorney-client privileged information of DJO, including any information gained by Plaintiff Healy in her position as paralegal for Defendant DJO.

      Presently before the Court are Defendant DJO's motion for leave to amend the answer to assert a counterclaim and motion for preliminary injunction. For the reasons explained herein, the Court DENIES DJO's motion for preliminary injunction and CONTINUES the hearing on DJO's motion to amend.

### *Background*

The factual background is set forth in the Court's November 16, 2011 order granting a TRO. Just prior to the originally-scheduled December 1, 2011 hearing on Defendant DJO's pending motions, counsel for Plaintiff, Mr. O'Keeffe, notified the Court that he would be withdrawing from his representation of Plaintiff in this case. Based thereon, the Court continued the hearing on the motions until Tuesday, December 20, 2011. Plaintiff's counsel filed a substitution of attorney on Tuesday, December 13, 2011, and also filed a declaration by Plaintiff in opposition to the motion for preliminary injunction.

On Monday, December 19, 2011, Plaintiff contacted the Court by phone indicating she could not attend the scheduled December 20, 2011 hearing, and that her attorney did not inform her of the nature of these motion proceedings. Based thereon, the Court vacated the December 20, 2011 motion hearing. On December 20, 2011, Defendant DJO filed a supplemental declaration in support of their motion for preliminary injunction. In addition, counsel for Defendant DJO filed a declaration signed by Ms. Healy, stating she did not oppose entry of a preliminary injunction.

### *Discussion*

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). As long as all four *Winter* factors are addressed, an injunction may issue where there are "'serious questions going to the merits'" and "a balance of hardships that tips sharply towards the plaintiff." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The declarations DJO submitted in support of its motion for TRO and motion for preliminary injunction raise serious ethical allegations against Plaintiff and/or her attorney. In its order granting a TRO, the Court noted its serious concerns regarding the conduct of Plaintiff's counsel in encouraging Plaintiff to disclose information which may be subject to the attorney-client privilege. The Court also expressed its concern that disclosure of confidential information could result in irreparable injury to DJO. Thus, although Defendant DJO had not necessarily

demonstrated a strong likelihood of success on the merits, there were sufficiently "serious questions going to the merits" as to warrant the issuance of a TRO.

However, in her declaration in opposition to DJO's motion for preliminary injunction, Ms. Healy states unequivocally that she has not spoken to anyone about her employment with DJO other than attorneys whom she has contacted in an attempt to retain alternate counsel in this case. Upon review, the Court notes that the declarations upon which DJO relies in seeking a preliminary injunction speak of conduct by Plaintiff's former attorney, Mr. O'Keeffe. DJO does not provide a declaration by any individual who purports to have received information (or the offer of information) from Ms. Healy. This conclusion is reinforced by the supplemental declaration filed by Defendant DJO, indicating Ms. Healy did not know her attorney contacted plaintiffs' counsel in the state court Cold Therapy Litigation. Thus, the Court does not believe there exists a continuing danger that Plaintiff will disclose DJO's confidential information.

Furthermore, the Court has reservations regarding the merits of Defendant DJO's proposed counterclaims against Ms. Healy for attempted extortion and breach of contract. It appears from the declarations that it is Plaintiff's former attorney, Mr. O'Keeffe, who has acted in an unethical manner. Those actions do not appear to support the proposed counterclaims against Ms. Healy. Based thereon, the Court concludes Defendant DJO has failed to carry its burden to demonstrate likelihood of success on the merits or that it will suffer irreparable injury.[1] The Court DENIES the motion for preliminary injunction.

Because Plaintiff's counsel suddenly substituted out of this case leaving Plaintiff unrepresented, the Court will defer ruling on DJO's motion to amend the answer to file a counterclaim until such time as Plaintiff has an opportunity to respond to that motion. The hearing on the motion to amend is hereby CONTINUED to *Monday, February 13, 2012, at 10:30 a.m.* Counsel for Defendant DJO must serve Plaintiff with a copy of the motion forthwith. If Plaintiff wishes to file an opposition, it must be filed on or before Monday, January 30, 2012.

---

[1] It appears Defendant DJO's sole purpose in seeking the preliminary injunction at this point in the proceedings is to foreclose Ms. Healy's deposition in the state court Cold Therapy Litigation. Having failed to demonstrate likelihood of success on the merits and irreparable injury related to the allegations contained in the proposed counterclaim, the matter of state court discovery is not before this Court.

Finally, Plaintiff notified the Court by phone that the address her former attorney listed on the substitution of attorney form is incorrect. Plaintiff's correct address is 2360 Hosp Way, #332, Carlsbad, CA 92008, phone number (619)997-3646. The Clerk is directed to correct the docket accordingly. In addition, the Clerk is directed to send Plaintiff copies of Doc. Nos 22 and 32.

**IT IS SO ORDERED**.

**DATED: December 21, 2011**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**